UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM C. LYONS, JR.,<br><br>   Plaintiff,<br><br>v.<br><br>FAIRFAX PROPERTIES, INC.,<br>WILLIAM C. LYONS, SR.,<br>THE BILCO COMPANY AND<br>MARIO J. ZANGARI,<br><br>   Defendants. | Civil Action No.: 3:01 CV 01355 (JBA)<br><br><br><br><br>October 31, 2002 |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT THE BILCO COMPANY'S
MOTION FOR COSTS AND ATTORNEYS' FEES**

**I.**  **Introduction**

In this Court's Ruling on Cross Motions for Summary Judgment [Doc. # 103] ("Ruling"), the Court granted Defendant The Bilco Company's ("Bilco") Motion for Summary Judgment dismissing Plaintiff William C. Lyons Jr.'s claims against Bilco. In its Ruling, the Court held that:

    (1)    Plaintiff "did not attempt to address" in his summary judgment papers his claims in Count Two of the Amended Complaint;

    (2)    Plaintiff presented no evidence challenging the opinion of Bilco's actuary that amendment to the Retirement Plan was needed to distribute Plaintiff's pension assets; and

    (3)    Plaintiff's "new theory," raised for the first time in his Cross Motion for Summary Judgment, as to why Bilco was required to distribute his pension assets, was baseless.

Ruling, at 9, 16 & n.5.

This Court further held that Plaintiff did not argue, much less present any evidence, that Bilco's actuary acted in bad faith or abused any discretion in determining that Bilco was justified in not distributing Plaintiff's pension assets. Ruling, at 16. Additionally, Plaintiff's own expert concluded that Plaintiff's claims were baseless, opining that an amendment to the Plan was the only way to accomplish Plaintiff's requested distribution. Expert Report of Attorney Joseph D. Farrell, at 1-2 ("Farrell Report").

The defense of this action and its baseless allegations have caused Bilco to incur substantial legal expense. The Court's Ruling, and the absence of any support for Plaintiff's allegations, evidence that Plaintiff's claims were made in bad faith to compel Bilco to take actions it was clearly not required to take. Accordingly, pursuant

2

to ERISA Section 502(g)(1) and Rule 54 of the Federal Rules of Civil Procedure, Bilco respectfully requests that this Court award Bilco costs and reasonable attorneys fees.

**II.    Argument**

    **A.    Standard for Award of Attorneys' Fees Under ERISA**

Employee Retirement Income Security Act ("ERISA") Section 502(g)(1) (29 U.S.C. § 1132(g)(1)) provides, in relevant part, that:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Thus, in the court's discretion, the defendant, as the prevailing party, may be awarded reasonable attorneys' fees and costs incurred in defending an action brought under ERISA. See Seitzman v. Sun Life Assurance Co., 311 F.3d 477, 479 (2d Cir. 2002) (affirming award of attorneys' fees to prevailing defendant).

Under the Second Circuit's decision in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987), a determination whether to award attorneys' fees in a particular case is made through a consideration of five factors:

> (1)    the degree of the offending party's culpability or bad faith;

3

    (2)    the ability of the offending party to satisfy an award of attorneys' fees;

    (3)    whether an award would deter other persons from acting similarly under like circumstances;

    (4)    the relative merits of the parties' positions; and

    (5)    whether the action conferred a common benefit on a group of pension plan participants.

"[N]o one of the five factors is necessarily decisive, and some may not even be appropriate in a given case." Scalamandre v. Oxford Health Plans (N.Y.), Inc., 823 F. Supp. 1050, 1065 (E.D.N.Y. 1993) (noting that the fifth factor was inapplicable). See Seitzman, supra, at 482 (same). Together, however, "'they comprise the nuclei of concerns that a court should address in applying'" Section 502(g)(1). Scalamandre, supra, at 1065 (citation omitted). Also, even though one factor is not decisive, an award of fees and costs require findings of bad faith on the part of the non-prevailing party. Chambless, supra, at 872.

    In Seitzman, supra, the court awarded attorneys' fees to the prevailing defendant where the evidence demonstrated that the plaintiff's claims were meritless and were brought in bad faith. The plaintiff physician sued his insurance company for denying him disability benefits. Seitzman, supra, at 479. The court found that the

4

evidence revealed, *inter alia*, that the plaintiff discontinued his employment allegedly because of his health condition three days before he was scheduled to retire but that he was able to perform the duties of his job as a physician thereafter. Id. at 482. The court discredited the plaintiff's testimony that he "reasonably believed he was entitled to benefits" and found that there was "no independent evidence to support a reasonable belief that [the plaintiff] was unable to perform [the duties] of his occupation." Id.

Similarly, in Owen v. Soundview Fin. Group, Inc., No. 99-7994, 2000 U.S. App. LEXIS 4321 (2d Cir., Mar. 17, 2000), the plaintiff sued his former employer alleging that, upon retirement, he was entitled to the fair market value of the company's stock held in his 401(k) Plan rather than the book value of the stock as provided by the terms of the Plan. Id. at *4-5. The court found, *inter alia*, that the 401(k) Plan Document clearly permitted the Plan trustees discretion to use the book method to value the plaintiff's stock. Id. at *5-6. Indeed, the plaintiff, as vice-president, member of the Board of Directors, and a trustee of the 401(k) Plan, adopted a resolution providing that the book value method was to be used. Id. at *3.

The Second Circuit affirmed the District Court's award of $222,270 in attorneys' fees to the prevailing defendant, adopting the court's reasoning. Id. at *14-

5

15. The District Court found that the plaintiff's claims "border[ed] on the frivolous," particularly as related to his contention that a stock purchase agreement controlled the value of his stock, as opposed to the clear provisions of the Plan Documents. <u>Owen v. Soundview Financial Group, Inc.</u>, 54 F. Supp.2d 305, 327 (S.D.N.Y. 1999). The District Court further noted that the plaintiff, through his suit, "sought to advance his own interests at the expense of the remaining Plan participants." <u>Id.</u> at 326. Finally, the court noted, considering the substantial income earned by the plaintiff during his employment with the defendant, that he possessed the financial ability to pay the defendant's legal expenses. <u>Id.</u> at 327.

> **B.** **Bilco is Entitled to an Award of Costs and Attorneys' Fees Because Plaintiff's Claims Against Bilco Were Brought in Bad Faith and Lacked Merit**

The degree of Plaintiff's bad faith in bringing this action, the relative merits of the Complaint, and Plaintiff's ability to satisfy an award militate in favor of an award of costs and fees to Bilco.[1]

As the Court's Ruling reflects, Plaintiff's claims against Bilco were baseless and were made without any independent evidentiary support. First, Count Two of the

---

[1] In the context of this dispute, only <u>Chambless</u> factors (1), (2), and (4) are relevant.

6

Complaint alleged that Bilco violated ERISA by failing to amend its Retirement Plan to allow for a distribution of Plaintiff's 401(k) assets.  Complaint, June 21, 2001, Count Two.  As this Court noted in its Memorandum of Decision on Motion to Dismiss [Doc. # 67] ("Memorandum"), and in its Ruling, the plain language of "[t]he Settlement Agreement imposes no obligation on Bilco to amend its plan."  Memorandum, at 6.  See Ruling, at 5.  In his summary judgment papers, Plaintiff completely abandoned Count Two.  Pl.'s Mem. Supp. Summ. J.; see  Ruling, at 5 ("Lyons does not attempt to address this issue in his summary judgment motion." (emphasis added)).  Accordingly, it cannot be said that Count Two, when filed, possessed any merit.

     Count Two was the only claim made against Bilco when the original Complaint was filed.  See Complaint, June 21, 2001.  When the first Amended Complaint was filed on November 9, 2001, Count Two remained the only claim against Bilco.  See Amended Complaint, Nov. 9, 2001, at 8.  Not until Plaintiff filed his second Amended Complaint, more than two years after the original Complaint, were the allegations in Count Four included.  See Amended Complaint, July 3, 2002, at 11-13.

00961.000/344051.1

Count Four alleged that Bilco violated Section 5.11 of the Retirement Plan because it failed to distribute Plaintiff's pension assets to his IRA. Amended Complaint, July 3, 2002, at 11-13. In Count Four, Plaintiff implicitly alleged that an amendment to the Plan was unnecessary. Plaintiff's own expert, however, Attorney Joseph D. Farrell, concluded that "[i]n order to distribute the assets as anticipated in Section 8.3 of the Shareholder Agreement, the Plan would need to be amended." See Farrell Report, at 1. Attorney Farrell further concluded that "[t]here are no exceptions in the plan and there are no provisions allowing large lump-sum distributions anticipated by Section 8.3 [of the Settlement Agreement]." Id. at 2.

In opposition to Bilco's motion for summary judgment, and in support of his own summary judgment motion, Plaintiff abandoned Count Four as well. See Pl.'s Mem. Supp. Summ. J.

Having forsaken all previous arguments for which he possessed no evidentiary support, Plaintiff raised for the first time in his summary judgment motion a new theory as to why Bilco should be required to distribute his pension assets to his IRA. Plaintiff did not amend his Complaint to include this new theory. Plaintiff argued that, since amendment of the Plan was not required for a lump-sum distribution,

8

Section 10.07 of the Plan required Bilco to terminate Fairfax's participation in the Plan.  Pl.'s Mem. Supp. Summ. J., at 4, 6.

As this Court noted, however, Plaintiff left "unaddressed" the crucial issue whether Fairfax gave notice of its intent to terminate its participation in the Plan, a necessary antecedent to any termination.  Ruling, at 11.  Further, the Retirement Plan had to be construed in conjunction with the Settlement Agreement, under which Plaintiff agreed to be bound by the opinion of Bilco's actuary.  Ruling, at 16.  Both Bilco's actuary and Plaintiff's own expert determined that the Plan would have to be amended in order to facilitate Plaintiff's distribution.  Ruling, at 15-16; Farrell Report, at 1.  Moreover, as the Court noted, "Lyons <u>has not argued</u>, <u>nor has he presented any evidence</u>, that the actuary acted in bad faith or abused his discretion in any way."  Ruling, at 16 (emphasis added).  Accordingly, this Court found Plaintiff's new argument baseless.  Ruling, at 13.

Considering the clear language of the Retirement Plan and Settlement Agreement, and the absence of any opinion favorably construing those agreements, Plaintiff could not reasonably have believed he was entitled to a distribution of his pension assets as requested.  See <u>Seitzman v. Sun Life Assurance Co.</u>, 311 F.3d 477, 483 (2d Cir. 2002) ("The citation of this evidence does not compel the finding that

9

[the plaintiff] reasonably believed he was entitled to benefits."). The merits of the parties' positions, therefore, clearly weigh in favor of Bilco. See id. at 484.

Moreover, since Plaintiff presented no independent evidence in support of the Complaint – which he completely abandoned on summary judgment – it is clear that this action was brought in bad faith. See id. ("There is no independent evidence to support a reasonable belief that [the plaintiff] was unable to perform the 'material and substantial duties' of this occupation. We therefore find no abuse of discretion in the finding of bad faith."). Further, through this action, Plaintiff has sought to advance his own interests at the expense of the remaining participants of Bilco's Retirement Plan, which would have to be amended to accommodate his personal request. Owen v. Soundview Fin. Group, Inc., 54 F. Supp.2d 305, 327 (S.D.N.Y. 1999). This fact, coupled with the absence of any evidence in support of his allegations, leads to the conclusion that Plaintiff's claims were frivolous and brought in bad faith.

Finally, Plaintiff is able to satisfy any award of attorneys' fees and costs. Plaintiff currently holds shares in Fairfax Properties, Inc., the owner of a 21,000 acre parcel of real property located in New Mexico. A sale of that property is currently being negotiated. Upon sale, Plaintiff will realize approximately $1 million. Affidavit of Robert Lyons, Jr., ¶ 4 ("Lyons Aff."). Plaintiff also is a beneficiary of a

00961.000/344051.1

promissory note delivered by Bilco to the shareholders of Fairfax upon the spin-off of Fairfax from Bilco.  Lyons Aff., ¶ 5.  Plaintiff recently received a payment from Bilco on that promissory note in the approximate amount of $25,000.  Id.  Plaintiff, therefore, possesses more than sufficient means to satisfy any award of attorneys' fees and costs in this action.

### III.  Conclusion

For all of the foregoing reasons, The Bilco Company respectfully requests that this Court grant the instant motion and award Bilco costs and reasonable attorneys' fees.

**DEFENDANT**
**THE BILCO COMPANY**

By_____
Maurice T. FitzMaurice
Fed. ID No. ct04302
REID AND RIEGE, P.C.
One State Street
Hartford, CT 06103
Tel. 860-278-1150
Fax 860-240-1002
Its Attorneys

## CERTIFICATION

I hereby certify that on the 31st day of October, 2003, a copy of The Bilco Company's Memorandum of Law in Support of Motion for Summary Judgment was sent by first class mail, postage prepaid, to:

*Attorney for Plaintiff William C. Lyons, Jr.*
James P. Connolly, Esq.
924 Farmington Ave. Ste. 105
West Hartford, CT 06111

*Co-Counsel for Plaintiff William C. Lyons, Jr.*
Jeffrey O. Donahue, Esq.
777 Farmington Avenue
West Hartford, CT  06119

*Attorneys for Defendant
   Fairfax Properties, Inc.*
James R. Fogarty, Esq.
Fogarty, Cohen, Selby & Nemiroff, LLC
88 Field Point Road
P.O. Box 2508
Greenwich, CT  06836-2508

*Attorney for Defendant Mario Zangari, Esq.*
Atty. Elizabeth M. Cristofaro
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103

*Attorney for Defendant William C. Lyons, Sr.*
Anthony M. Fitzgerald, Esq.
Carmody & Torrance, LLP
P.O. Box 1950
195 Church Street
New Haven, CT  06509-1950

_____
Maurice T. FitzMaurice

00961.000/344051.1