UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

William C. Lyons, Jr.          :
                               :
v.                             :     No. 3:01cv01355 (JBA)
                               :
Fairfax Properties, Inc.,      :
    et al.                     :

ORDER [Doc. # 104]

On September 26, 2003, this Court granted defendant the Bilco Company's ("Bilco") Motion for Summary Judgment, finding that BILCO did not violate the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, because it had no obligation to transfer Lyons' vested benefits in BILCO's pension plan to a qualified individual retirement account. See Ruling on Cross Motions for Summary Judgment [Doc. # 103]. Bilco now moves for costs and attorneys fees.

ERISA provides that a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in any action brought under § 1132. 29 U.S.C. § 1132(g)(1). "Ordinarily, the decision is based on five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan

1

participants." <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 815 F.2d 869, 871 (2d Cir. 1987). "The five-part test takes into account the relative merits of the parties' positions and also requires findings about bad faith." <u>Id</u>. at 872.

Here, while the Court ultimately found that Lyons' claims lacked merit, Bilco has not established that Lyons made his claims in bad faith. In fact, Lyons has consistently maintained that he entered into a shareholders' Settlement Agreement on the assumption that his vested interest in the BILCO Retirement Plan would be transferred to his rollover IRA, and Bilco has provided no basis for challenging Lyon's good faith in making this assumption. Bilco simply infers bad faith by Lyons because it concludes it was obvious that the Retirement Plan did not allow the distribution he requested. But since the Settlement Agreement itself suggested that such a transfer could be effectuated,[1] it is equally plausible to infer that Lyons was

---

[1] Section 8.3(c) of the Settlement Agreement provides:

Prior to or promptly following the execution of this agreement, BILCO shall have notified the actuary of its defined benefit plan that a divisive reorganization is taking place and authorized and directed such actuary to take all steps necessary to distribute on the Closing Date the full amount of vested benefits to Bill, Jr. to a rollover IRA established by Bill, Jr. for the receipt of such benefits; <u>provided</u>, however, that there will be no requirement to complete the foregoing if, in the opinion of the actuary, it would: (x) not be possible under applicable law; (y) require any amendment to the plan; or (z) require any cost to Bilco beyond the cost of the inquiry to the actuary and

2

misled into believing that the Retirement Plan could accommodate his requested distribution. Under the circumstances of this case, therefore, there is no basis for an award of attorneys' fees and costs. Accordingly, BILCO's motion [Doc. # 104] is hereby DENIED.

                              IT IS SO ORDERED.

                                          Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 31st day of March, 2004.

---

    the normal cost of calculating the amounts owed to any participant and paying amounts out to any participant in connection with the defined benefit plan.

Settlement Agreement [Doc. #93, Ex. 1(A)] at §8.3(c).

3